# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION AT COLUMBUS

**JEANETTE K. FELLS,**

              **Plaintiff,**

     **v.**

**ERIC DEPUE,** *et al.,*

         **Defendants.**

                     **Case No. 2:22-cv-2639**
                     **Judge Sarah D. Morrison**
                     **Magistrate Judge Kimberly A. Jolson**

## ORDER and
## REPORT AND RECOMMENDATION

Jeanette K. Fells, formerly an inmate at the Licking County Justice Center, has submitted a civil rights complaint to this Court.  (Doc. 1-1).  She has also filed an Application to Proceed *In Forma Pauperis* and without prepayment of the filing fees.  (Doc. 1).  The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges.

For the reasons discussed below, the Undersigned **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis*.  (Doc. 1).  Having performed an initial screen of Plaintiff's Complaint (Doc. 1-1), the Undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.     Application to Proceed *In Forma Pauperis*

Plaintiff's Application and supporting affidavit reflect that she lacks the funds to pay the costs for filing this matter or to give security for such costs.  (Doc. 1).  Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED.**  28 U.S.C. § 1915(a)(1).  It is **ORDERED** that Plaintiff be allowed to prosecute her action without payment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

## II.  Initial Screening Standard

Because Plaintiff is permitted to proceed *in forma pauperis*, the Court must review her Complaint and dismiss it, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient.  *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]).  Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory."  *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

In addition, "[t]he Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did that violated the asserted constitutional right.'" *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). Thus, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints." *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012).

## III.    Parties and Claims

The Plaintiff here, Jeanette K. Fells, was formerly a defendant in a criminal matter in the Licking County, Ohio, Court of Common Pleas. (Doc. 1-1, PageID 6; Doc. 2, PageID 20). She was also previously an inmate at the Licking County Justice Center. (Doc. 1-1, PageID 6; Doc. 2, PageID 26). It appears that Plaintiff is not in custody at this time and that the Licking County criminal case against her has been dismissed. (*See* Doc. 1-1, PageID 6 ("After serving another 47 days in jail my case was some how dismissed")). In the case before this Court, Plaintiff sues for damages "for time spent in jail and on bond." (Doc. 1-1, PageID 7). She also seeks "damages from paying $20,000 cash surety" in the criminal matter. (*Id.*).

The Complaint is brief, and the claims in it are not entirely clear. Plaintiff appears to assert that she was not brought to trial in the criminal case within the appropriate time. (Doc. 1-1, PageID 6 ("I was in and outta jail from 06/2009 – 07/05/2020 without any rights to speedy trial"); *see also*

Civil Cover Sheet, Doc. 1-4, PageID 16 ("I was denied rights to speedy trial while detained in Newark, OH jail.")).  She also mentions that she was forced to undergo a mental health evaluation, and that she was given an O.R. (own recognizance) bond but not allowed to "be on bond freely," and was "required to travel back and forth from Columbus to Newark for Adult Court Services." (Doc. 1-1, PageID 6).  She says she was arrested on a warrant in July 2020, and her case was dismissed 47 days later.  (*Id*.).

Plaintiff names two defendants in this case:  Eric Depue, who was apparently an assistant prosecuting attorney in her criminal case, and Jeffrey Ronan, a Sheriff's Deputy at the Licking County Justice Center.  (Doc. 1-1, PageID 5-6; Doc. 2, PageID 18, 20-21, 26, 33-34).  There are few details in the Complaint about how these Defendants were personally involved in Plaintiff's current claims.  The only direct allegation is against Deputy Ronan:  Plaintiff alleges that on June 13, 2019, Deputy Ronan "claimed that I assaulted him with my food tray during collection of dinner trays."  (Doc. 1-1, PageID 6).  It is implied that this assault was the basis for Plaintiff's criminal prosecution in Logan County.  Some additional context is provided in a number of documents Plaintiff has separately filed on the docket.  (*See* Doc. 2, 2-1, 2-2 (appearing to include, among other things, a bill of particulars and other filings in the criminal case, as well as discovery exchanged in that case, such as an incident report, photographs, and detectives' reports)).

Although it does not specify, the Undersigned construes the pro se Complaint as raising claims under 42 U.S.C. § 1983.  "Section 1983 authorizes a 'suit in equity, or other proper proceeding for redress,' against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution.'"  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To state a cause of action under Section 1983, a plaintiff must allege:  "(1) a deprivation of a right

secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).  Upon review, the Undersigned concludes that Plaintiff has not stated a plausible claim against either Prosecutor Depue or Deputy Ronan.

## IV. Discussion

### A.  <u>Prosecutor Depue</u>

Plaintiff does not articulate specific factual allegations against Prosecutor Depue or link her assertions to any particular acts by him.  (Doc. 1-1, PageID 6).  It appears that she seeks to raise a claim that her right to a speedy trial was violated in the Licking County criminal case.  (Doc. 1-1, PageID 6).  *See generally Joseph v. Hampton*, No. 2:15-cv-85, 2015 WL 3562547, at *3 (S.D. Ohio June 5, 2015), *report and recommendation adopted*, 2015 WL 4720105 (S.D. Ohio Aug. 6, 2015) (construing a similar allegation to raise a claim under the Sixth Amendment).  She may also fault him for the conditions of her bond or her arrest on a warrant.  (*Id.*).  None of these allegations should proceed past this initial screen.  28 U.S.C. § 1915(e)(2)(B).

Prosecutors are "absolutely immune from liability" for actions they take that are "intimately associated with the judicial phase of the criminal process."  *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation and quotation marks omitted).  There are some narrow exceptions to this immunity, *see id.* at 343, but nothing in the Complaint implicates them.  "The analytical key to prosecutorial immunity is whether the actions in question are those of an advocate."  *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508, 514 (6th Cir. 2019) (cleaned up).  In other words, if "the conduct was 'undertaken in connection with [his or her] duties in functioning as a prosecutor,'" a prosecutor is immune.  *Id.* at 513 (quoting *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006)).

Here, Prosecutor Depue is apparently sued because he was involved in Plaintiff's criminal case. (Doc. 1-1, PageID 6; *see also* Doc. 2, PageID 18, 20-21). His actions with respect to that case, such as advocating for a particular outcome, are, definitionally, undertaken in connection with his duties as a prosecutor. Thus, Prosecutor Depue is absolutely immune from suit and all the claims against him should be dismissed.

B. <u>Deputy Ronan</u>

The only allegation in the Complaint against Deputy Ronan is that he said Plaintiff assaulted him on June 13, 2019. (Doc. 1-1, PageID 6). Notably, Plaintiff does not dispute that she assaulted him or claim that his statement was false.[1] There is likewise no allegation in the Complaint that Deputy Ronan was involved in the resulting court proceedings after the alleged assault or that he was responsible for the speedy trial, bond, or other identified issues in the criminal case. Even construing pro se Complaint liberally, the Undersigned is unable to discern in the single allegation against Deputy Ronan any plausible claim that he violated Plaintiff's federal or constitutional rights. *See Twombly*, 550 U.S. at 570 (a complaint must include "enough facts to state a claim to relief that is plausible on its face" to proceed).

The claim against Deputy Ronan should be dismissed for another reason: it was filed too late and is barred by the statute of limitations. The statute of limitations, or time limit, for bringing a § 1983 action is the state's general statute of limitations for personal injury claims. *Owens v. Okure*, 488 U.S. 235, 236 (1989). In Ohio, this statute of limitations is two years from when the claim accrued. *See Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007); *Harris v. German Twp.*, No. 3:19-cv-341, 2022 WL 866815, at *5 (S.D. Ohio Mar. 23, 2022). A claim accrues

---

[1] The documents Plaintiff separately provided appear to substantiate Deputy Ronan's statement. (*See* Doc. 2, 2-1, 2-2). The Undersigned makes no factual determination on this point, but instead accepts the allegations in the Complaint as true. *Twombly*, 550 U.S. at 570.

"when the plaintiff knows or has reason to know of the injury which is the basis of [her] action." *Harris*, 2022 WL 866815, at *5 (citing *Cooey*, 479 F.3d at 416).

Plaintiff asserts that Deputy Ronan said she assaulted him on June 13, 2019.  (Doc. 1-1, PageID 6; *see also* Doc. 2, PageID 39 (the bill of particulars says this incident occurred on June 12, 2019)).  The Complaint says that Plaintiff was in and out of jail starting in June 2019.  (Doc. 1-1, PageID 6).  She filed her Complaint approximately three years later, on June 29, 2022, after the statute of limitations expired.  (Doc. 1-1, PageID 7).  Any § 1983 claim against Deputy Ronan based on the June 13, 2019 incident was therefore filed too late.  The claims against Deputy Ronan should be dismissed.

## V.      Conclusion

Plaintiff's Application to proceed *In Forma Pauperis* (Doc. 1) is **GRANTED**.  But her Complaint fails to state a plausible claim under Section 1983 against Prosecutor Depue or Deputy Ronan.  The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** the Complaint (Doc. 1-1) in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).  Should the District Judge adopt this recommendation, the Undersigned further **RECOMMENDS** that the District Judge find that any appeal in this matter by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed on appeal *in forma pauperis*.

## VI.     Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN (14) DAYS** after being served with a copy thereof.  Fed. R. Civ. P. 72(b).  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

Date:  August 1, 2022

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE